### No. 7.

**EVARTS** *against* DUNTON ET AL. *Franklin*, 1817.

BEFORE division of a town, by draft, the proprietors may, under the Statute, vote to a *public right*, the lot, on which a settler is placed, under that right

Plaintiff in ejectment, against several, must prove *all* the defendants in possession, in order to recover against *all.*

THIS action was tried at June term, 1817.　Plea—severally not guilty.　On the trial the plaintiff claimed title to said lot, under the right of Seth Denio, one of the original proprietors of said town, and also under a possession taken of said lot, in 1789 or '90, and a survey bill made thereof, and recorded in 1792, and holding the possession thereof until the disseisen complained of in the writ; which evidence was admitted.

The defendants claim title to said lot, under the Rev. Publius V. Booge, as belonging to the right of the first settled minister, in said town, and also by fifteen years possession in themselves and those under whom they claim.　Plaintiff admits there was one right reserved in the charter of said town, for the first settled minister.　Defendants offer to prove by the proprietors records, that on the 6th day of April, 1806, the proprietors voted the lot in question, to the ministerial right, Publius. V. Booge, settler ; the plaintiff admits the town was legally surveyed, and the proprietors' meeting legally warned, for dividing the town, and voting lots to settlers ; but, contended that the proprietors could *not* vote a *lot* to a *settler* under the ministerial right.

Decided by the Judge—That the public rights in a town could be designated by draft only, that until such division was made, the Select men of the town had no authority *as such*, to designate, take possession of, or lease out any portion of the land, in their town, as of, and belonging to, the ministerial right ; and the evidence was rejected.

Defendants offered to prove, that the Select men of Georgia, in 1790, took possession of said lot, occupied and improved the same, as a lot belonging to the first settled minister in said town, until 1804, and then delivered the same to the said Booge.

This was objected to by the plaintiff, no division of the towns at that time, having been actually made, by the proprietors.

The Judge admitted it so far only as to shew that the *plaintiff* had not made or maintained a possession, on said lot ; but rejected it as improper, to shew any right in defendants.

The defendants offered to shew, that the Select men of said town, in 1799, took possession of said lot, occupied and improved the same, until 1804, and then delivered possession thereof to said Booge ; objected to, and rejected by the Jugde.

The defendants offered to prove, that in 1802, the said Booge was legally settled a minister in said Georgia, and the first settled minister in said town ; objected to, and rejected by the Judge.

No evidence was offered to shew more than two of the defendants in possession, (there were five defendants.)

The Judge charged the Jury, that, as the pleadings stood, if they found for the plaintiff, they might find all the defendants guilty.

Verdict for plaintiff, and motion for new trial, founded on exceptions to the opinions and charge of the Judge.

Opinion of the Court.

1. The defendants ought to have been permitted to shew, that the Select men had placed a settler on the lot in question, and that the same was voted to the ministerial right, according to the provisions of the Statute. 2 vol. p. 316.

2. The Judge ought to have charged the Jury, that the plaintiff could recover against those defendants *only* who were proved to be in possession.

See Mortgage 4. Judgment 2.

———

ENDORSEE—See Promissory Note 4. Exrs. and Adm. 2. Notice 2.